IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY EBY, ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> WESTON EDUCATIONAL, INC., ) <br> a Colorado corporation, d/b/a ) <br> HERITAGE COLLEGE, and ) <br> CHERYL MORRIS, an individual, ) <br> ) <br> Defendants ) | CIV-2009- 1187-C |

## COMPLAINT

Plaintiff, Jeremy Eby, Plaintiff, for his Complaint against the Defendants, Weston Educational, Inc., a Colorado corporation, d/b/a/ Heritage College, and Cheryl Morris, individually, alleges and states:

1. Plaintiff, Jeremy Eby, is a citizen and resident of the state of Oklahoma, Oklahoma County.

2. Defendant, Weston Educational, Inc., is believed to be a Colorado corporation, doing business in the state of Oklahoma under the name, Heritage College, with its principal place of business at 7100 S. I-35 Service Road, Suite 7118, Oklahoma City, Oklahoma 73149, and representing itself to be licensed by the Oklahoma Board of Private, Vocations Schools.

3. Defendant, Cheryl Morris, is an Oklahoma resident and the agent and representative of Defendant, Weston Educational, Inc., a Colorado corporation, d/b/a/ Heritage College, within the state of Oklahoma.

4. Jurisdiction in this Court is invoked pursuant to 28 U.S.C. § 1332 (a)(1).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## STATEMENT OF FACTS

6. Plaintiff, Jeremy Eby, applied for admission, and was admitted, to Heritage College in Oklahoma City on or about March, 2008; the stated purpose of Plaintiff's enrollment was to obtain the degree of Associates of Occupational Studies Degree in X-Ray Medical Technician.

7. At all times relevant hereto, Weston Educational, Inc., a Colorado corporation, d/b/a/ Heritage College, represented to Plaintiff that it was an accredited school fully and completely authorized to offer a degree in X-Ray Medical Technician.

8. Plaintiff, Jeremy Eby, relying on written and stated representations of Defendant, enrolled in said school;

9. Separate and apart from his enrollment, Plaintiff entered into a loan agreement with Defendant in order to meet the financial requirements of Defendant.

10. Plaintiff met all of his responsibilities and completed all degree requirements as required by Defendant.

11. After completing his studies and agreeing to be responsible for all of his tuition and expenses, Plaintiff became aware that Defendant was not accredited in, nor was it authorized to offer X-Ray Medical Technician training.

12. After completing his studies and incurring substantial debt along with lost time and other damages, Plaintiff was told by potential employers that he was not qualified to work as an X-Ray Medical Technician because the school he attended did not have the appropriate accreditation.

13. As a direct and proximate result of the fraudulent representations of Defendant, Weston Educational, Inc., a Colorado corporation, d/b/a/ Heritage College, Plaintiff has been damaged in an amount in excess of $75,000.00.

14. Plaintiff is not the only Oklahoma resident defrauded by the Defendant, Weston Educational, Inc., a Colorado corporation, d/b/a/ Heritage College, and other Oklahomans have been equally damaged by the fraudulent misrepresentations of this institution and its employees acting for and on behalf of Defendant.

15. At all times relevant, Cheryl Morris was an agent, servant and representative of Defendant, Weston Educational, Inc., a Colorado corporation, d/b/a/ Heritage College, and she actively and knowingly participated in the fraud being practiced upon Oklahoma residents.

16. Plaintiff has been totally unable to obtain work in the field of X-Ray Technician due to the misrepresentations and fraud of Defendant Cheryl Morris.

### PLAINTIFF'S THEORIES OF RECOVERY
### FIRST CLAIM
### FRAUD
### Both Defendants

(Plaintiff incorporates the allegations made in Paragraphs 6 to 14 herein by reference)

17. Defendants, Weston Educational, Inc., a Colorado corporation, d/b/a/ Heritage College, and Cheryl Morris, are liable to Plaintiff for damages sustained by him for their fraudulent representations that he would in fact obtain a degree as an X-Ray Technician.

18. Defendants committed actual fraud by stating to Plaintiff that he would obtain a college degree and be a certified X-Ray technician upon completion of its training courses.

19. Defendants committed actual fraud by representing to Plaintiff that it was an accredited school for training students as X-Ray technicians when both Defendants knew, but concealed the information from Plaintiff, that Defendants were not certified to train X-Ray technicians.

20. Defendants committed actual fraud by promising Plaintiff that he would be a certified X-Ray technician after completing its courses when Defendants knew they were unable to perform on said promise.

21. Defendants breach of their duty to Plaintiff gained an unfair advantage over Plaintiff and both Defendants knowingly, intentionally and willfully pursued its fraudulent conduct to the prejudice of Plaintiff.

22. All actions taken by Defendants in enticing Plaintiff to enter its school and pay approximately $20,000.00 for the education were based upon actual fraud, constructive fraud, malice, fraudulent inducement to enter a contract and as such, Defendants are liable to Plaintiff for all damages suffered by him as a result of its actions along with punitive damages for its grossly negligent, willful conduct.

### SECOND CLAIM
### FRAUD IN THE INDUCEMENT
Both Defendants

(Plaintiff incorporates the allegations made in Paragraphs 6 to 23 herein by reference)

23. During the Defendant's "acceptance" meeting with Plaintiff, wherein he was congratulated for his entry and "awarded" a loan for fees and tuition, Defendant required the Plaintiff to sign a variety of documents.

24. None of the documents were explained in any detail, including the arbitration agreement, but instead were classified as "acceptance of financial aid forms".

25. These were material misrepresentations.

26. As a result of the fraud regarding the arbitration clause, hidden in the alleged "acceptance of financial aid forms", Defendants fraudulently induced Plaintiff to sign an Agreement to Arbitrate any claims against the institution, including any claims of fraud.

**THIRD CLAIM**
**VIOLATION OF 15 U.S.C 1601 et seq REGULATION Z § 226.18(D)(2)**
**TRUTH IN LENDING ACT**
Westin Educational, Inc.

(Plaintiff incorporates the allegations made in Paragraphs 6 to 27 herein by reference)

27. It is the purpose of the subchapter [of the federal code]to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices. 15 U.S.C. 1601 §102.

28. By failing to provide the Plaintiff with a copy of the terms of the promissory note at the time of signing in a form he could keep, Defendants violated the Truth in Lending Act.(Exhibit 1, Promissory Note)

29. As a result of the violation, Plaintiff is entitled to a $1000 penalty, rescission of his loan and payment of his costs and attorney fees in bringing his cause of action.

**FOURTH CLAIM**
**BREACH OF CONTRACT**
Both Defendants

(Plaintiff incorporates the allegations made in Paragraphs 6 to 30 herein by reference)

30. Plaintiff entered into an agreement with the Defendant Heritage College whereby he agreed to provide extensive time and money to his education in exchange for an certification as an X-Ray Medical Technician, able to take various x-rays independently.

31. Defendant has failed to provide that education and as a result Plaintiff has been damaged in an amount to be proved at trial.

32. If Plaintiff is determined the prevailing party, Plaintiff is also entitled to his attorney fees and costs.

### FIFTH CLAIM
### VIOLATION OF 15 O.S. 752 ET SEQ
### OKLAHOMA CONSUMER PROTECTION ACT

Both Defendants

(Plaintiff incorporates the allegations made in Paragraphs 6 to 33 herein by reference)

33. A "Deceptive trade practice" is defined as "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person." Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral 15 O.S. 752 (13).

34. By failing to inform the Plaintiff that upon completion of its "X-Ray Medical Degree Program" he would be unable to sit for the test required of all X-Ray Medical Technicians, Defendants committed a deceptive trade practice as outlined by the Oklahoma Consumer Protection Act.

35. Because the Defendants committed this same violation repeatedly with other students, this deceptive trade practice can only be termed unconscionable.

36. As a result of its unconscionable and deceptive trade practices, a $2500 penalty for each separate violation and an award of his attorney fees and costs.

37. As a result of its unconscionable acts, made knowingly, repeatedly and maliciously, Plaintiff is entitled to punitive damages in an amount to be determined at trial.

WHEREFORE, premises stated, Plaintiff prays consequential damages, statutory damages, both state and federal, punitive damages, attorney fees and costs of this action and all other relief the Court deems just and proper.

*[signature: M. Kathi Rawls]*

M. Kathi Rawls, OBA #18814
Rawls Law Office, PLC
2404 S. Broadway
Moore, OK 73160
405-912-3225
Fax: 405-703-2769
ATTORNEY FOR PLAINTIFF

**Attorney Lien Claimed**
**Jury Trial Demanded**

# Heritage College – Oklahoma City

## PROMISSORY NOTE

**Borrower:**

Name: Jeremy Eby

SS #: 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

Address: 3100 SW 104th Terrace

Oklahoma City, OK 73159

Telephone: 405-596-6031

**Co-Borrower:**

Name: _____

SS #: _____

Address: _____

_____

Telephone: _____

### Disclosure Statement

| Annual Percentage Rate (The cost of your credit as a yearly rate) | Finance Charge (The dollar amount the credit will cost you) | Amount Financed (The amount of credit provided to you or on your behalf) | Total of Payments (The amount you will have paid after you have made all payments as scheduled) | Total Cost of Loan (The total cost of your loan) |
|---|---|---|---|---|
| 18 % | $647.43 | $1585.95 | $2233.38 | $2233.38 |

### *Identification of Parties and Terms:*

In this Promissory Note, the words "I", "Me", "My", and "Mine" means the undersigned Borrower and Co-Borrower/s, unless language specifically refers to only one or the other. "You", "your", and "yours" means the Lender, its agents, designees, or any subsequent holder of the note as well as the agents of such person or persons.

I. **Promise to Pay:** I, *Jeremy Eby*, , (hereinafter called the "Borrower"), promise to pay to Heritage College (hereinafter the "Lender") or its order *$1585.95* (*1 Thousand 5 Hundred 85.95* Dollars, U.S. currency) at *18* % per annum to be repaid in monthly installment payments as described in Paragraph III, Terms of Repayment. I further agree that the Lender will capitalize and add to the note the fees associated with the grant and production of this note.

II. **Interest:** Interest on this note will accrue at the stated rate of *18* %, beginning on the date first above written, on the principal balance financed plus any generation and service fees added to the principal balance according to the terms of this Agreement. Unpaid interest and fees may be added to the note at the end of any deferment or grace period, if such forbearance or grace is granted, even if my note says otherwise. Such changes and capitalization may affect my repayment terms.

III. **Terms of Repayment:** While the Borrower is enrolled, the Borrower shall pay in monthly installments of *$23.79*, for a term of *14* months with the first payment beginning on *5/1/2008*. Upon graduation, the unpaid principal and accrued interest shall be paid in monthly installments of *$79.18*, for a term of *24* months with the first payment beginning on *7/1/2009* and continuing every month thereafter with a like amount on the same date each month until the full amount of this note and all accrued interest is paid in full.

IV. **Pre-Payment Rights:** The Borrower may prepay the note's principal, accrued interest, fees, and any unpaid late charges at any time. The Borrower may also make additional payments towards the principal at any time and the prepayment will be recognized and the interest rate will be applied to the new balance on a going forward basis. The Lender will make no refunds for interest and fees applied to date.

V. **Late Fees and Charges:** If any part of the principal or interest payment is more than 10 days late I will pay a late fee charge of 5% of the monthly payment or $15.00, whichever is greater.

VI. **Payment Return Fee.** If I make a payment by check or otherwise and that payment is returned or refused by my bank for any reason I will pay a charge of $20.00.

VII. **Collection Costs:** I agree to pay you all amounts, including collection agency and attorney's fees and court and other collection costs, that you, the Lender, may incur enforcing your rights under the terms of this note.

Promissory Note                                          Page 1 of 3 _JE_
                                                                    Initial

Heritage Colleges – Oklahoma City

PLAINTIFF'S EXHIBIT 1 (1st of Hacms)

# PROMISSORY NOTE

VIII. Whole Note Due/Acceleration: I will be in default, and you will have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you, the Lender, or to your successors and assigns under the terms of this note, is due and payable at once if I, the Borrower:
   a. Fail to make payments when due as agreed.
   b. Fail to notify you in writing of a change in my name, address, telephone number/s, employment status or employer, visa or legal status in the United States, as well as in the event of bankruptcy or any material legal proceeding.
   c. Fail to inform you of the same changes as stated in item (b) as it applies to the co-borrowers/cosigners/guarantors of this note in addition to death or insolvency of the co-borrowers/cosigners/ guarantors.
   d. Fail to notify you of any bankruptcy or insolvency action started by me or against me that may impair my assets and ability to repay including an assignment for the benefit of my creditors.
   e. Fail to notify of any false statements that my co-borrower/cosigners/guarantors or I may have made to me you, the Lender at any time verbally or in writing.
   f. Fail to inform you of the death of my co-borrowers/cosigners/guarantors or if my estate or executor fails to notify you of my death.
   g. If a default on any other loans or notes I may have with you, your subsidiaries, affiliates, successors, or assigns.

IX. NOTICE TO CO-BORROWER/S, COSIGNER/S, GUARANTOR/S: YOUR SIGNATURE ON THIS PROMISORY NOTE AND ON THE ATTACHMENTS TO THIS DOCUMENT MEANS THAT YOU ARE EQUALLY LIABLE UNDER THE SAME TERMS AND CONDITIONS AS THE BORROWER. IF THE BORROWER DOES NOT PAY, THE LENDER HAS THE LEGAL AND ENFORCEABLE RIGHT TO COLLECT FROM YOU.

X. Additional Terms and Condition under this Promissory Note:
   a. The proceeds of this note will only be used to finance the training, materials, and equipment as provided to me by Heritage College and or its employees or agents.
   b. I authorize the Lender, and any of its agents, employees or assignees, to verify my employment records, banking relationships, credit history, and any other information that the Lender may deem necessary to grant me this loan. The Lender may, at its sole discretion, require and request credit information on the Borrower, his/her co-borrowers/cosigners/guarantors at any time in relation to the grant of this loan or its maintenance in good standing. I, or my co-borrowers/cosigners//guarantors, will not need to be notified of said inquiries.
   c. The Lender warrants that the information gathered for the purposes of granting this loan are for the sole and exclusive use of the Lender and that such information will be held private and confidential except where the Lender may be legally compelled to produce such documentation by the valid actions of a court or any other agency with enforcement capabilities.
   d. Photocopies, facsimile, or electronic media (e-mails, etc.) may be used in the evaluation and granting of this loan and the Borrower agrees to these actions and processes.
   e. In the event of default under this note all benefits, rewards, or alumni programs shall cease without notice.
   f. The Lender, its successor, and assigns may sell the note to a third party at any time during the life of the note. The same terms and conditions as originally granted will apply. The Borrower and his/her co-makers will be notified of the sale and/or assignment and will be instructed as to how to make the payments in the future.

XI. Choice of Law and Jurisdiction: This note is governed by, and construed and enforced in accordance with, the laws of the State of California. California law shall also govern any claims asserted in any suit, action or proceeding arising out of or relating to this note. Borrower irrevocably (a) submits to the jurisdiction of any court of the State of California or the United States District Court located in Oklahoma City, California for the purpose of any suit, action, or other proceeding arising out of this note (a "Proceeding"), (b) agrees that all claims in respect of any Proceeding may be heard and determined in any such court, (c) waives, to the fullest extent permitted by law, any immunity from jurisdiction of any such court or from any legal process therein, (d) agrees not to commence any Proceeding other than in such courts and (e) waives, to the fullest extent permitted by law, any claim that such Proceeding is brought in an inconvenient forum.

# PROMISSORY NOTE

**Statement and Signatures:**

I, the Borrower, *Jeremy Eby*, , and I/we the Co-borrower/s, cosigner/s, and/or guarantor/s acknowledge that by execution of this I/we have read and understood all of the terms and conditions as stated in this Promissory Note and that no other representations and/or warranties have been given to me, the Borrower or to the Co-borrower/s, cosigner/s, or guarantor/s in writing or verbally.

By signing this note we agree to its terms and acknowledge that we have received signed exact copies of the Promissory Note and all supporting documentation, including but not limited to the Disclosure Statement as required by law.

This is a loan that must be repaid in accordance with the terms and conditions of the Promissory Note.

| *[signature]* | 3-10-08 | | |
|---|---|---|---|
| Signature of Borrower | Date Signed | Signature of Co-Borrower | Date Signed |

*Jeremy Eby*
Print Name                                                                 Print Name

| | | | |
|---|---|---|---|
| Signature of Witness | Date Signed | Signature of Witness | Date Signed |

Print Name                                                                 Print Name

| | |
|---|---|
| Signature of Lender (Authorized School Official) | Date Signed |

Print Name and Title

Pay to the order of:
American Student Financial Group, Inc.

**Heritage College**

| Date: | |
|---|---|
| By: | |
| Signature | |
| Print Name and Title | |

Promissory Note                                                 Page 3 of 3   *JE*
                                                                                    Initial

# UNDERSTANDING OF TUITION FINANCING