IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY EBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-09-1187-C |
| | ) |
| WESTON EDUCATIONAL, INC., a | ) |
| Colorado corporation d/b/a HERITAGE | ) |
| COLLEGE, and CHERYL MORRIS, | ) |
| an individual, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On March 3, 2008, Plaintiff signed a contract with Defendant Heritage College (Heritage) to obtain his Associates of Occupational Studies Degree in X-Ray Medical Technician. The contract provided, among other things, that the parties agreed to submit to arbitration any dispute arising from Plaintiff's enrollment at Heritage. According to Plaintiff's Amended Complaint, upon his completion of the degree program, he learned that Heritage was not licensed and certified to provide x-ray medical technician training. As a result, Plaintiff asserts claims pursuant to the Oklahoma Consumer Protection Act, 15 Okla. Stat. §§ 752 et seq.; the federal Truth in Lending Act, 15 U.S.C. §§ 1601 et seq.; as well as claims for fraud, fraud in the inducement, and breach of contract. Defendants filed the present Motion to Compel Arbitration, contending that the contract between the parties requires arbitration of the present dispute. Plaintiff objects to arbitration, however, arguing that he was fraudulently induced to sign the arbitration clause.

Under the Federal Arbitration Act (FAA),* 9 U.S.C. §§ 1 et seq., when a party files a motion requesting the court to compel arbitration pursuant to an agreement between the parties, the court must do so after determining that the making of the agreement to arbitrate is not in issue. See 9 U.S.C. § 4. Based on this statutory language, the Supreme Court has stated that if the party seeking to avoid arbitration makes a claim of "fraud in the inducement of the arbitration clause itself – an issue which goes to the 'making' of the agreement to arbitrate – the federal court may proceed to adjudicate it." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967). However, if the party simply claims fraud in the inducement with respect to the contract generally, then the court lacks the power to consider the claim. Id. at 404.

Here, Plaintiff's Amended Complaint raises a claim of fraud in the inducement. Specifically, Plaintiff contends:

23. During the Defendant's "acceptance" meeting with Plaintiff, wherein he was congratulated for his entry and "awarded" a loan for fees and tuition, Defendant required the Plaintiff to sign a variety of documents.
24. None of the documents were explained in any detail, including the arbitration agreement, but instead were classified as "acceptance of financial aid forms" (sic).
25. These were material misrepresentations.
26. As a result of the fraud regarding the arbitration clause, hidden in the alleged "acceptance of financial aid forms", (sic) Defendants

---

* The FAA applies to all contracts involving interstate commerce. See 9 U.S.C. § 2. Here, Plaintiff received federal funding in order to defray the cost of his education at Heritage. His application for such financial assistance was transmitted to the United States Department of Education, and the funds were subsequently electronically transmitted to Plaintiff. It is clear that such activities involve interstate commerce, and therefore the FAA applies to the present contract between the parties.

> fraudulently induced Plaintiff to sign an Agreement to Arbitrate any
> claims against the institution, including any claims of fraud.

(Am. Compl., Dkt. No. 5, at 4.) Based on this language, the Court finds that Plaintiff is alleging a claim of fraud regarding the execution of the arbitration agreement itself. Therefore, the Court must adjudicate this claim before arbitration can be ordered.

Accordingly, Defendants' Motion to Compel Arbitration (Dkt. No. 11) is DENIED. This litigation will proceed only with respect to Plaintiff's claim of fraud in the inducement of the arbitration clause. All other issues will be STAYED pending its resolution.

IT IS SO ORDERED this 2nd day of March, 2010.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge